IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| JAMES R. POLAND, | 09-CV-810-BR |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| ERIC H. HOLDER, United States Attorney General, | |
| Defendant. | |

KEVIN KEANEY
700 N.E. Multnomah Street
Suite 1155
Portland, OR 97232
(503) 232-9280

    Attorney for Plaintiff

1 - OPINION AND ORDER

**KENT S. ROBINSON**
Acting United States Attorney
**JAMES E. COX**
Assistant United States Attorney
1000 S.W. Third Ave., Suite 600
Portland, OR 97204
(503) 727-1024

       Attorneys for Defendant

**BROWN, Judge.**

     This matter comes before the Court on Plaintiff James R. Poland's Motion to Compel (#14). For the following reasons, the Court **GRANTS** Plaintiff's Motion.

## BACKGROUND

**I.  *Poland I***

     In March 1991 Plaintiff was offered and accepted the position of Resident Agent in Charge (RAIC) of the Portland, Oregon, office for the United States Customs Service (USCS). In April 2000 Plaintiff was reassigned to the USCS office in Vienna, Virginia. Plaintiff retired in December 2000.

     In December 2002 Plaintiff brought an action in this Court (*Poland I*) for age discrimination under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621, *et seq.,* in which he asserted the USCS discriminated against him because of his age and then retaliated against him by, among other things, reassigning him to a nonsupervisory position in Virginia after he

2 - OPINION AND ORDER

complained of and/or expressed opposition to age discrimination by Defendant.

After a court trial, the Court entered a Verdict in favor of Plaintiff as to unlawful retaliation and constructive discharge in violation of the ADEA.  Defendant appealed.  On September 17, 2007, the Ninth Circuit affirmed in part, reversed in part, vacated in part, and remanded the matter to this Court.

On January 31, 2008, the Court conducted a court trial on remand and found Plaintiff was not entitled to reinstatement to his former position or a comparable position with Defendant because he voluntarily resigned and was not constructively discharged as a matter of law.  The Court also concluded Plaintiff was entitled to equitable relief; specifically, the Court adopted the parties' agreement regarding "a variety of measures that Defendant will take to delete any adverse references from Plaintiff's employment records regarding the administrative actions taken by Defendant that underlie Plaintiff's retaliation claim."  The Court noted the parties also agreed Defendant would prepare

> a "Notice of Retaliation/Discrimination" to be sent to persons who played any role, whether as a witness, decision-maker, or otherwise, in the administrative inquiry that underlies Plaintiff's retaliation claim and the subsequent legal proceedings and to persons who have requested employment verification or sought references from Defendant regarding Plaintiff's employment.

In addition, the Court ordered Defendant to send the Notice to

3 - OPINION AND ORDER

"all special agents, GS-1811, employed by the legacy U.S. Customs Services during the period April 1999 to February 2000" because doing so might "help to restore [Plaintiff's] reputation with those agents who were his peers and contemporaries during the relevant period."

## II.  *Poland II*

In May 2007 Plaintiff sought employment with the Federal Bureau of Investigation (FBI) as a contract employee.  In June 2007 the FBI informed Plaintiff that he would not be awarded the contract.

On July 15, 2009, Plaintiff filed the present action (*Poland II*) in which he alleges the FBI did not award him the contract because Plaintiff complained about age-discrimination and retaliation while employed by the USCS and ultimately filed *Poland I*.

On October 16, 2009, Defendant filed a Motion to Dismiss or in the Alternative to Transfer this matter to the Central District of California in which Defendant asserts, among other things, that Plaintiff lacks standing to assert a Title VII retaliation claim against the FBI because the parties did not contemplate an employment relationship and, in any event, Oregon is not the proper venue for this matter.

On October 27, 2009, Plaintiff filed a Motion to Compel in which he seeks the identity of two retired USCS agents who

4 - OPINION AND ORDER

provided information to the FBI that allegedly was the basis for the FBI's rejection of Plaintiff's offer for contract.

## DISCUSSION

Defendant concedes the identity of the retired USCS agents "is unquestionably relevant to this litigation as a whole." He asserts, however, that the identity of the USCS agents may be protected by the Privacy Act, 5 U.S.C. § 552a, and disclosure of the USCS agents is not warranted at this stage of the litigation because that information is not material to Defendant's Motion to Dismiss or in the Alternative to Transfer. If the Court determines the information must be disclosed, however, Defendant asserts a Court order is necessary.

**I.   A court order is required for disclosure of the identities of the retired USCS agents at issue.**

The Privacy Act provides in pertinent part:

> No agency shall disclose any record which is contained in a system of records by any means of communication to any person, or to another agency, except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains, unless disclosure of the record would be . . . (11) pursuant to the order of a court of competent jurisdiction.

5 U.S.C. § 552a(b)(11). In addition, 5 U.S.C. § 552a(k) authorizes agencies to promulgate rules to exempt certain categories of information from the disclosure requirements of the Privacy Act if the system of records is

5 - OPINION AND ORDER

>     investigatory material compiled solely for the
>     purpose of determining suitability, eligibility,
>     or qualifications for Federal civilian employment,
>     military service, Federal contracts, or access to
>     classified information, but only to the extent
>     that the disclosure of such material would reveal
>     the identity of a source who furnished information
>     to the Government under an express promise that
>     the identity of the source would be held in
>     confidence.

Here Myron Hitch, the FBI employee who spoke to the retired USCS agents as to Plaintiff's suitability for the FBI contract, advised the USCS agents that Hitch would protect their identities.  The Court, therefore, concludes the identities of the retired USCS agents is covered by the Privacy Act and a court order is required for disclosure.  *See, e.g., Hernandez v. Alexander*, 671 F.2d 402, 406-07 (10th Cir. 1982)(district court did not commit clear error when it concluded the identity of witnesses who were "given assurances" of confidentiality fell within protection of 5 U.S.C. § 552a(k)(5)).

**II. Disclosure of the identities of the retired USCS agents at issue is appropriate.**

Federal Rule of Civil Procedure 26(b)(1) provides in pertinent part:  "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense - including . . . the identity and location of persons who know of any discoverable matter."

Although "the Privacy Act precludes disclosure of certain kinds of personal information by federal agencies, it does not

6 - OPINION AND ORDER

protect information from disclosure in litigation pursuant to a valid discovery request."  *Enwere v. Terman Assoc., L.P.*, No. C 07-1239 JF (PVT), 2008 WL 5146617, at *2 (N. D. Cal. Dec. 4, 2008)(citing *Laxalt v. McClatchy*, 809 F.2d 885, 889 (D.C. Cir. 1987)).  Nevertheless, the Privacy Act is a factor the Court may consider when determining whether discovery is appropriate.

> The fact that a document is subject to the Privacy Act is not, however, irrelevant to the manner in which discovery should proceed.  Although discovery standards under the FRCP permit access to relevant documents protected by the Act, those same FRCP standards give the District Court ample discretion to fashion appropriate protective orders upon a showing of "good cause."  Fed. R. Civ. P. 26(c).  Where the records sought are subject to the Privacy Act, the District Court's supervisory responsibilities may in many cases be weightier than in the usual discovery context.

*Laxalt*, 809 F.2d at 889.

As noted, Defendant concedes the identity of the USCS agents "is unquestionably relevant to this litigation as a whole," but maintains disclosure of the retired USCS agents is not warranted at this stage of the litigation because that information is not relevant to Defendant's Motion to Dismiss or to Transfer Venue. Specifically, Defendant points out its Motion is brought on two grounds:  (1) Plaintiff does not have standing to bring this action under the ADEA because the parties did not contemplate an employment relationship and (2) venue is improper in Oregon.

Defendant asserts the identity of the retired USCS agents

7 - OPINION AND ORDER

has no relevance to whether the parties contemplated forming an employment relationship as described within the four corners of the solicitation and offer that the parties sent to each other. Plaintiff does not appear to dispute that the identity of the retired USCS agents is irrelevant to the question whether Plaintiff was an employee or an independent contractor for purposes of the ADEA.  Defendant, however, asserts the identities of the retired USCS agents also do not affect whether venue in Oregon is proper.

To determine whether venue is proper in Oregon, the Court examines whether a "substantial part of the events or omissions giving rise to the claim occurred" in Oregon.  *See* 28 U.S.C. § 1391(e).  Defendant notes the facts regarding venue are essentially undisputed:  Plaintiff is an Arizona resident; through his Florida company, Plaintiff submitted his offer to the FBI's office in Washington, D.C., for a position as a contract inspector with the FBI's program in Los Angeles; and the two retired USCS agents who the FBI spoke with in connection with Plaintiff's potential contract do not live in Oregon.  In fact, the only connection this matter has to Oregon is that the FBI rejected Plaintiff's offer based on information provided by sources who knew Plaintiff when he was the RAIC in Portland, Oregon, and that Plaintiff engaged in protected activity while he was the RAIC in Oregon.

8 - OPINION AND ORDER

The Court, however, cannot conclude on this record that the identity of the retired USCS agents would not lead to information that Plaintiff could find useful in responding to the Motion to Dismiss or in the Alternative to Transfer.  The Court, therefore, finds disclosure of the retired USCS agents' identities pursuant to a narrow protective order is an appropriate resolution that balances the competing interests of the parties and the privacy interests of the USCS agents.

Accordingly, the Court **GRANTS** Plaintiff's Motion to Compel pursuant to a protective order, the form of which is to be submitted by the parties.

## CONCLUSION

For these reasons, the Court **GRANTS** Plaintiff's Motion to Compel (#14) subject to a protective order.  The Court **DIRECTS** the parties to confer concerning the form of a protective order and to submit to the Court by **November 25, 2009**, either a stipulated form of protective order or a joint statement setting out their positions as to the limitations the protective order

should impose.

    IT IS SO ORDERED.

    DATED this 20th day of November, 2009.

                                /s/ Anna J. Brown

                                ANNA J. BROWN
                                United States District Judge